## MANOEL GOMES *v.* JOSE CORDEIRO.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 19, 1901.          DECIDED JUNE 27, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A leased certain land to B. The latter sublet a portion of the land
to C. It was understood and agreed between B and C that if B
should later obtain from A a renewal of the original lease, he, B,
would "extend the subletting to C on terms similar or propor-
tionate to those received from A." Subsequently C, without the
knowledge of B, obtained from A a lease of the same land demised
in and by the lease first mentioned for a term of years to com-
mence at the expiration of B's term. On a bill brought by B pray-
ing that C be decreed "to transfer by proper instrument in writing
the portion of said property to which plaintiff, the petitioner here-
in, is of right entitled," held, that B is not entitled to relief.

### OPINION OF THE COURT BY PERRY, J.

The complainant alleges in his bill, in substance, that on
or about January 21, 1897, he acquired by assignment a lease,
wherein Queen Kapiolani was the lessor, of a certain described
piece of land situate in Honolulu, and that on or about July 20
of the same year he sublet a portion of the demised premises
to the respondent; that upon the death of the original lessor
subsequent to the execution of the original lease, the Kapiolani
Estate, Limited, became her successor in interest as to said
land; "that at all times, and from the beginning of the con-
fidential relationship of landlord and tenant between petitioner
and defendant, the said defendant has known of all of the facts
in relation thereto, and it has been understood and agreed be-
tween petitioner and defendant that at or before the expiration
of petitioner's lease he, the petitioner, should, if possible, obtain
another lease of all of said property as described in the original

lease hereinbefore set out, and now referred to as Exhibits 'A' and 'B,' and that in such event petitioner would also extend the subletting to defendant on similar or proportionate terms according to the terms received by petitioner from said Kapiolani Estate, Limited, and which said agreement your petitioner has been at all times ready, and now is ready to do and perform. But your petitioner is informed and believes, and so states on information and belief, that, unmindful of and disregarding his said agreement with petitioner, and in violation of the trust and confidence reposed in him by your petitioner, and in utter disregard of the relationship existing between them, the defendant has, under cover and in an underhanded and inequitable manner sought and obtained of and from said Kapiolani Estate, Limited, a renewal lease of the whole of said premises covered by the said original lease acquired by petitioner, and part of which was, as already set out, sublet to defendant by your petitioner, and said renewal lease to become effective from the expiration of the term of the lease of petitioner. But that your petitioner is unable to set out or describe the lease so obtained by said defendant from said Kapiolani Estate, Limited; the said defendant, and the said Kapiolani Estate, Limited, both refusing any and all information concerning the same. That said lease obtained by the defendant as aforesaid is and in equity should be regarded as a mere continuance of the original lease as set out in a preceding paragraph herein, and subject and amenable to all of the rights and equities subsisting between petitioner and defendant by virtue of their fiduciary relationship in the premises."

The prayer is "that if it shall be ascertained that defendant has so obtained and secured said lease of said premises as herein set out and described, that the same, or that part of said property now held by petitioner and not included in the subletting by petitioner to defendant, nor included in the agreements between petitioner and defendant, may be held and decreed by the Court to be a continuance of the original lease as above described, and the defendant ordered, adjudged and decreed

to transfer by proper instrument in writing the portion of said property to which plaintiff, the petitioner herein, is of right entitled."

Respondent demurred. The demurrer was sustained and the bill dismissed on the ground that the latter does not state facts sufficient to entitle the complainant to the relief prayed for or to any relief in a court of equity.

In our opinion, upon the facts stated in the bill the complainant is not entitled to any relief in a court of equity. The demurrer was correctly sustained.

The decree appealed from is affirmed.

*J. M. Vivas* and *C. C. Bitting* for complainant.
*Holmes & Stanley* for respondent.